JOHN R. HILLSMAN (Cal. Bar No. 71220)
uroy3@aol.com
DEREK B. JACOBSON (Cal. Bar No. 88417)
dbj@mhpsf.com
MCGUINN HILLSMAN & PALEFSKY
535 Pacific Ave
San Francisco, CA 94133
Telephone:    (415) 421-9292
Facsimile:    (415) 403-0202

Attorneys for Plaintiffs THOMAS COOK, JASON
K. ARNOLD, JACK L. DURHAM, JOHN M.
HUNTER, III, LARZ A. STEWART, and
ELIZABETH H. ZEIGER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS COOK, JASON K. ARNOLD, JACK L. DURHAM, JOHN M. HUNTER, III, LARZ A. STEWART, and ELIZABETH H. ZEIGER<br><br>        Plaintiffs,<br><br>   v.<br><br>CHAMPION SHIPPING AS, and CHAMPION TANKERS AS,<br><br>        Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Thomas Cook, Jason K. Arnold, Jack L. Durham, John M. Hunter, III, Larz A. Stewart, and Elizabeth H. Zeiger (collectively "Plaintiffs") allege:

## JURISDICTION

1.     This an action between aliens and United States citizens in which the amount in controversy exceeds US$75,000.00, exclusive of interest and costs and is within the court's diversity jurisdiction under 28 U.S.C. § 1332 and the "savings to suitors" clause in 28 U.S.C. § 1333(1).  Alternatively, this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's jurisdiction pursuant to 28 U.S.C. § 1333.

## PARTIES

2.     Plaintiff Thomas Cook is an individual and domiciled in Eureka, California.

3.     Plaintiff Jason K. Arnold is an individual and domiciled in Hawaii.

4.     Plaintiff Jack L. Durham is an individual and domiciled in Hawaii.

5.     Plaintiff John M. Hunter, III, is an individual and domiciled in Hawaii.

6.     Plaintiff Larz A. Stewart, is an individual and domiciled in Hawaii.

7.     Plaintiff Elizabeth H. Zeiger is an individual and domiciled in California.

8.     At all times material hereto, Plaintiffs, and each of them, were serving aboard the wooden sailing vessel S/V PRINCESS TAIPING as seamen and crew members thereof.

9.     Upon information and belief, defendant Champion Shipping AS ("Champion Shipping") is a Norwegian Corporation with its principal place of business in Bergen, Norway. Upon information and belief, Champion Shipping is the owner of the vessel M/T CHAMPION EXPRESS.

10.     Upon information and belief, defendant Champion Tankers AS ("Champion Tankers") is a Norwegian corporation with its principal place of business in Bergen, Norway. Upon information and belief, Champion Tankers is the manager and operator of the vessel M/T CHAMPION EXPRESS.

/ / /

/ / /

**CLAIM FOR MARITIME TORT**

11.     On or about April 26, 2009, Plaintiffs and several others were sailing in international waters, more than one marine league off the coast of Taiwan, attempting to complete a trans-Pacific voyage, aboard the S/V PRINCESS TAIPING when their vessel was struck by the M/T CHAMPION EXPRESS.

12.     Defendants, and each of them, acting through their managing agents, the master and licensed officers of the M/T CHAMPION EXPRESS, were then and there, guilty of outrageous conduct owing to gross negligence, willful, wanton, and reckless indifference to the rights and safety of others, or conduct even more deplorable, in that:

a.     They owned, operated, managed, maintained, manned, provisioned, equipped, controlled, supervised, operated and navigated the M/T CHAMPION EXPRESS with reckless and callous disregard for the safety of Plaintiffs and each of them:

b.     They permitted the M/T CHAMPION EXPRESS to deviate erratically and unexpectedly from her course after making passing arrangements with the S/V PRINCESS TAIPING which would have permitted both vessels to proceed safely;

c.     They operated and navigated the M/T CHAMPTION EXPRESS in deliberate and willful violation of the International Rules of Navigation, including, but not limited to:

(1)     Rule 5 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 5 – the so-called "Proper Look-Out Rule;"

(2)     Rule 6 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 6 – the so-called "Safe Speed Rule;"

(3)     Rule 7 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 7 – the so-called "Risk of Collision Rule;"

(4)     Rule 8 of the 1972 COLREGS, 33 U.S.C.A. § 1602, R. 8 – the so-called "Action to Avoid Collision Rule."

13.     As a direct and proximate result of the Defendants' hereinabove alleged conduct in the premises, the M/T CHAMPION EXPRESS veered off her course, smashed bow-on into the beam of the S/V PRINCESS TAIPING, cut that much smaller wooden vessel in two, and sank her. Some of those on board the PRINCESS TAIPING, including Plaintiff THOMAS COOK, were thrown into the ocean as a result of the violent collision; others were able to cling to a severed half of the S/V PRINCESS TAIPING as it slowly sank into the ocean. Although the crew and passengers of the PRINCESS TAIPING were ultimately rescued by the Taiwanese Air Force and Coast Guard several harrowing hours after the collision, the M/T CHAMPION EXPRESS did not respond to distress or securite calls, stop to render assistance, or make any attempt to rescue survivors, but callously resumed her original course and deliberately sped from the site of the collision.

14.     The collision caused severe and permanent physical and emotional injury to the Plaintiffs, and each of them. As a direct and proximate result of the herein above alleged delicts of Defendants, and each of them, and of the permanently disabling injuries caused thereby, Plaintiffs, and each of them, has experience and will continue to experience great physical, mental, and emotional pain and suffering, all to their general damage in an amount which exceeds the jurisdictional limits of this Court.

15.     As a further direct and proximate result of the hereinabove alleged delicts of Defendants, and each of them, and of the permanently disabling injuries caused thereby, Plaintiffs and each of them were forced to incur, and will continue to be forced to incur, various medical, hospital and therapeutic costs and expenses, all to their special damage in an amount to be determined at the time of trial herein.

16.     As a further direct and proximate result of the hereinabove alleged delicts of Defendants, and each of them, and of the permanent and painful injuries caused thereby, Plaintiffs, and each of them, were have lost, and will continue to lose, wages, earnings, earning capacity, and income, all to their special damage in an amount to be determined at the time of trial herein.

17.     By virtue of the acts and omissions set forth in Paragraph 12 hereinabove, Defendants, and each of them, conducted themselves in such an outrageous and deplorable manner

as to justify an award of punitive and exemplary damages under General Maritime Law in an amount to be determined at the time of trial herein.

18.    Defendants Champion Shipping and Champion Tankers, as owner and operator of the M/T CHAMPION EXPRESS, were thus grossly negligent, criminally indifferent, and solely at fault in causing the collision and resulting damage and injuries.

19.    Plaintiffs have suffered compensatory damages proximately caused by defendants' negligence in excess of the following amounts:

|   |   |   |
|---|---|---|
| a. | Thomas Cook | $ 2,000,000.00; |
| b. | Jason K. Arnold | $ 300,000.00; |
| c. | Jack L. Durham | $ 300,000.00; |
| d. | John M. Hunter, III | $ 300,000.00; |
| e. | Larz A. Stewart | $ 300,000.00; and |
| f. | Elizabeth H. Zeiger | $ 300,000.00. |

20.    Defendants' conduct will justify an award of punitive damages in an amount equal to or in excess of Plaintiffs' compensatory damages.

**PRAYER**

Plaintiffs pray that:

1.    the Court issue a California state law Right to Attach Order, Order for Issuance of Writ of Attachment, and Writ of Attachment be issued, pursuant to Cal. Code Civ. Proc. § 485.010 and 492.010, et seq., as authorized by Federal Rule of Civil Procedure 64 and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

2.    The Court enter judgment in favor of Plaintiffs and against defendants for Plaintiffs' damages plus interest, costs, disbursements and attorneys' fees in accordance with the allegations of Paragraphs 14, 15, 16, and 19 hereinabove;

3.    The Court enter an award of punitive damages in favor of Plaintiffs in accordance with the allegations of Paragraphs 12, 17, and 20 hereinabove, and;.

4.    The Court grant such other, further and different relief as may be just and proper.

Dated:  December 30, 2009

MCGUINN HILLSMAN & PALEFSKY

By        /S/ JOHN R. HILLSMAN
                JOHN R. HILLSMAN
                DEREK B. JACOBSON
                Attorneys for Plaintiffs

**VERIFICATION**

I, John R. Hillsman, declare:

1.     I am counsel for Plaintiffs in this action.  My offices are located in the San Francisco, California.  None of the Plaintiffs reside in San Francisco or the Eastern District of California, making it impractical to obtain my clients' signature for this verification.

2.     I have read the foregoing Verified Complaint.

3.     The information it contains is true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 30, 2009 at San Francisco, California.


/S/ JOHN R. HILLSMAN

_____
JOHN R. HILLSMAN

1

**JURY DEMAND**

2     Plaintiffs Thomas Cook, Jason K. Arnold, Jack L. Durham, John M. Hunter, III, Larz A.

3   Stewart, and Elizabeth H. Zeiger demand a jury trial on all claims.

4   Dated:  December 30, 2009

5                    MCGUINN HILLSMAN & PALEFSKY

6

7                   By    _____/S/ JOHN R. HILLSMAN_____

8                          JOHN R. HILLSMAN
                          DEREK B. JACOBSON
                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28